# EXHIBIT C

1   Anthony G. Buzbee *(pro hac vice forthcoming)*
    tbuzbee@txattorneys.com
2   David C. Fortney (California Bar No. 226767)
    dfortney@txattorneys.com
3   Thomas Colby Holler *(pro hac vice forthcoming)*
    choller@txattorneys.com
4   Meredith Drukker Stratigopoulos *(pro hac vice forthcoming)*
    mdrukker@txattorneys.com
5   **THE BUZBEE LAW FIRM**
6   J.P. Morgan Chase Tower
    600 Travis, Suite 7500
7   Houston, Texas  77002
8   Telephone: (713) 223-5393
    Facsimile: (713) 223-5909
9   Website: www.txattorneys.com
10  **Attorneys for Plaintiff**
    **JOHN DOE**

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/03/2025 1:37 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Vargas, Deputy Clerk**

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      COUNTY OF LOS ANGELES

13                   UNLIMITED CIVIL JURISDICTION

14

15  JOHN DOE,                          CASE NO. 25CHCV03555

16              Plaintiff,
                                       **COMPLAINT FOR:**
17  vs.                                1)  **SEXUAL ASSAULT & BATTERY**
                                       2)  **GENDER VIOLENCE**
18  INDIVIDUAL DOE 1, SEAN COMBS;      3)  **NEGLIGENT SUPERVISION AND**
    DADDY'S HOUSE RECORDINGS, INC.;        **RETENTION**
19  CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
    COMBS ENTERPRISES LLC; BAD BOY     **JURY TRIAL DEMANDED**
20  ENTERTAINMENT HOLDINGS, INC.;
    BAD BOY PRODUCTIONS HOLDINGS,
21  INC.; BAD BOY BOOKS HOLDINGS, INC.;
    BAD BOY RECORDS; BAD BOY
22  ENTERTAINMENT LLC; BAD BOY
    PRODUCTIONS, LLC; ORGANIZATIONAL
23  DOES 1-10; AND INDIVIDUAL DOES 2-10,

24              Defendants.

25

26

27

28

                                 1

**COMPLAINT**

Plaintiff John Doe ("Plaintiff") brings this action against Defendants Individual Doe 1, Sean "Diddy" Combs, Daddy's House Recordings, Inc., CE OPCO, LLC (d/b/a Combs Global, f/k/a Combs Enterprises LLC), Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Records, Bad Boy Entertainment LLC, Bad Boy Productions LLC (all of the foregoing excepting Sean Combs, the "Combs Businesses"), Organizational Does 1-10, and Individual Does 2-10, alleging as follows:

**I.**

**INTRODUCTION**

1.      While working as an intern for Bad Boy Records, Plaintiff attended an after-party hosted by Defendant Sean Combs after the filming of a music video. At that after-party, while drugged, Plaintiff was sexually assaulted. Shortly thereafter Plaintiff learned he had contracted HIV. This case seeks compensatory and punitive damages for that sexual assault. The conduct described herein is shockingly typical of how Defendant Sean Combs conducted himself for many years. Many individuals and entities facilitated and participated in this abhorrent conduct. Sean Combs believed he was above the law and that he could do whatever he wanted, with impunity. He is not; he cannot.

2.      For decades, Sean Combs (a/k/a "P. Diddy," a/k/a "Puff Daddy," a/k/a "Diddy," a/k/a "PD," and a/k/a "Love") (described herein as "Combs" or "Diddy") abused, molested, raped, assaulted, threatened and coerced men, women, minors and others for sexual gratification, to assert dominance, and to conceal his abhorrent conduct. He accomplished these acts by and through a criminal enterprise built on his success as a rapper, record producer and record executive. Combs is one of the wealthiest musical artists in the world. Behind the façade of being a three-time Grammy Award winner, discovering and developing multiple famous musical artists, and ranking

on Forbes' list of the highest-paid entertainers in the world, there existed something sinister – a dark underbelly of crime, sex trafficking, forced labor, kidnapping, bribery and prostitution. Combs is a menace to society, women and children. While his wealth has kept him above consequence for years, Combs now faces the awesome power of the American judicial system and ultimately a jury of his peers, who will be asked to punish him for the deplorable conduct described herein.

*Combs' Businesses*

3.    Combs' business enterprise is central to the pervasive acts of sexual assault and abuse committed by him during the last decades. Combs operated his business, headquartered at various times in Manhattan and Los Angeles, under a variety of United States-based corporate entities, including Bad Boy Entertainment, Bad Boy Books Holdings, Inc., Bad Boy Records, Bad Boy Entertainment, LLC, Bad Boy Productions, LLC, Daddy's House Recording Studio, Inc., and CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises LLC, Combs Enterprises and Combs Global (collectively, the "Combs Business"). Corporate entities in the Combs Business portfolio included record labels, a recording studio, an apparel line, an alcoholic spirits promoting business, a marketing agency, talent discovery, a television network and a media company.

4.    On the surface, each of these businesses served a legitimate purpose related to entertainment, music and other subjects. But in reality, Combs, by and through himself and his agents, employees and contractors, used these businesses to sexually assault, abuse, threaten and coerce hundreds of individuals through sexual *quid pro quo* schemes, as well as to take advantage of individuals with impunity thinking the victims would never seek recourse. Combs and his agents, employees and contractors, through these Combs Businesses, would tell victims, "this is what it takes to be famous," "what are you willing to do to become a star?," and "perform this sexual act or else" to coerce the victim into performing a non-consensual sexual act for the gratification of Combs and his cohorts.

3

5.     Members and associates of the Combs Business engaged in (and/or attempted to engage in), among other activities, sex trafficking, forced labor, interstate transportation for the purposes of prostitution, coercion and enticement to engage in prostitution, narcotics offenses, kidnapping, arson, bribery, and obstruction of justice.

6.     The Combs Business constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Combs.

*Combs' Pervasive History of Sexual Assault and Violence*

7.     For years Combs and his businesses engaged in a persistent and pervasive pattern of abuse toward women, men, and minors. This abuse was, at times, verbal, emotional, physical and sexual. As part of his pattern of abuse, Combs manipulated both men and women to participate in highly-orchestrated performances of sexual activity with both commercial sex workers and unsuspecting partygoers. In some cases, these were individuals who were contractors or vendors. In other cases, they were random individuals pulled from a hotel lobby, a show, or off the street. Combs ensured participation from these individuals by, among other things, obtaining and distributing narcotics to them with or without their knowledge, controlling their careers, leveraging his financial support and threatening to cut off the same, and using intimidation, violence, and illicit drugs.

8.     Combs, while celebrated for his business acumen and influence in the entertainment world, has often been described in a more troubling light as powerful, manipulative, and problematic. His aggressive tactics, both in business and personal dealings, have drawn criticism, with many viewing him as someone who leverages his power to intimidate and control. This darker side of Combs' persona has been underscored by the numerous lawsuits and allegations that have surfaced over the years. Despite his undeniable success, his rise to the top is marred by a reputation for being ruthless and manipulative, using his influence in ways that have left a trail of legal and personal controversies including but not limited to the following:

a.   Nightclub Shooting Incident (1999): Combs was embroiled in a high-profile case related to a nightclub shooting in New York, involving his then-girlfriend,

Jennifer Lopez, and rapper Shyne. Combs was acquitted of all charges, though the case remains a significant legal event in his career.

b.  Multiple Assault Allegations: Combs has faced several lawsuits related to alleged physical assaults, many of which have been settled out of court.

c.  Business Disputes: Combs has been involved in various business-related legal conflicts, particularly surrounding his Sean John clothing line and other ventures. These disputes often involved contractual disagreements and trademark claims.

d.  Claims by Cassie Ventura: Combs' former girlfriend, Casandra "Cassie" Ventura, filed a lawsuit accusing him of years of physical, emotional, and sexual abuse during their relationship. Cassie alleged repeated instances of assault, coerced sexual acts, and drug use, all contributing to an environment of fear and manipulation.

9.   Combs particularly fancied the use of the popular date-rape drug Rohypnol, or GHB, to commit heinous non-consensual acts of sexual violence and rape onto countless victims. Combs often would secretly use the drug in an alcoholic beverage served at his parties, typically champagne or "lemon drops." Partygoers were forced to consume the alcoholic beverage, containing GHB, either prior to entering or while at Combs' party. There are also allegations of Combs dousing victims in lotions or similar body oils, also laced with GHB, so that the drug would be absorbed through the victim's skin and make it easier to assault him or her. Further, it is well known that Combs had a practice of lacing water bottles with other substances, such as Xanax, and distributing them at his parties.

10.   Combs' recurrent and pervasive physical abuse took place for multiple decades. His tendencies of violence and sexual assault were no doubt well known amongst his colleagues, employees, agents and businesses. On numerous occasions from at least on or about 1996 and continuing for years, Combs assaulted women and men by striking, punching, dragging, throwing objects at, and kicking them. Combs also assaulted children both physically and sexually.

11.     In 1996, Combs was found guilty of criminal mischief for threatening a photographer from the New York *Post* with a gun. In 1999, he was arrested and charged with second-degree assault and criminal mischief in connection with assaulting a record executive. Combs was arrested again the same year for his involvement in a shooting at a club in New York. Another instance of violence occurred at a Los Angeles hotel in or about March 2016, which was captured on video and later publicly reported, where Combs kicked, dragged and threw a vase at a woman as she was attempting to leave his hotel room. When hotel security staff intervened, Combs attempted to bribe the staff member to ensure silence.

12.     In the past year, numerous civil complaints have been filed by plaintiffs who allege that they had been sexually abused by Combs between 1991 and 2009. In November 2023, three lawsuits were filed against Combs under New York's Adult Survivors Act. Cassie Ventura, an artist signed to Bad Boy Records, sued Combs in New York for rape and physical abuse. She alleged Combs facilitated these acts by and through supplying Ms. Ventura with copious amounts of drugs and urging her to take them, beginning in 2006.

13.     Joi Dickerson-Neal also sued Combs in New York, alleging Combs drugged her, sexually assaulted her and secretly recorded the assault in 1991.

14.     Liza Gardner, whom Combs met at an event hosted by a record label affiliated with Bad Boy, sued him for allegedly raping her and a friend in 1990 or 1991 when she was only 16.

15.     In December 2023, an anonymous Plaintiff sued Combs in New York for allegedly drugging and gang-raping her in 2003 when she was only seventeen years old. This victim alleged that employees and business associates of Combs, through their affiliation with the Bad Boy enterprise, lured her to Combs' home where Combs then raped her.

16.     In February 2024, Rodney "Lil Rod" Jones, one of Combs' former producers, sued Combs for allegedly forcing him to engage in unwanted sex acts and sex trafficking, among other allegations. Mr. Jones alleged that Combs regularly drugged others, including minors, by giving them drugs laced with ecstasy (MDMA) and other date rape drugs. Mr. Jones alleged that Combs in fact drugged him as well in order to commit acts of sexual assault.

THE BUZBEE
LAW FIRM

17. In May 2024, former model Crystal McKinney and April Lampros sued Combs. Ms. McKinney alleged that Combs drugged and sexually assaulted her at his recording studio in 2003. Mimicking what has now become a known pattern, Combs promised Ms. McKinney to help her with her modeling career in exchange for engaging in sexual conduct with him. Ms. Lampros, an intern at Arista Records, which was an owner of Bad Boy, also sued Combs in May 2024 in New York County Supreme Court for raping her on multiple occasions, secretly filming these acts, and showing the recordings to multiple people. Ms. Lampros also alleges that Combs ordered her to take drugs on one occasion before he raped her.

18. In July 2024, former adult film star Adria English – who was employed by Combs as an entertainer at his infamous White Parties that brought together the biggest names in the music and entertainment industries – sued Combs in the Southern District of New York for sex trafficking, alleging that he required her to consume drinks laced with ecstasy and secretly recorded the sexual acts.

19. In September 2024, singer and songwriter Dawn Angelique Richard also sued Combs. Richard was employed by Combs as part of the girl group Danity Kane, formed by Combs, and later as a key member of Combs' band Diddy – Dirty Money. She sued Combs in New York for sexual assault, false imprisonment, and for subjecting her to hostile working conditions due to her gender, including degrading comments and threats. Ms. Richard has alleged that Combs regularly supplied others including minors with copious amounts of drugs and alcohol, and subjected them to sexual acts while they were sedated and/or unconscious due to the drugs and alcohol.

20. In September 2024, a federal grand jury in Manhattan indicted Combs and charged him with sex trafficking, racketeering and the "creation of a criminal enterprise in which he abused, threatened and coerced women and others around him to fulfill his sexual desires, protect his reputation and conceal his conduct." *See United States of America v. Sean Combs, a/k/a "Puff Daddy," a/k/a "P. Diddy," a/k/a "Diddy," a/k/a "PD," a/k/a "Love*," Index No. 24 Crim. 542, Indictment (SDNY), at ¶ 1. The indictment explains that Combs' abuse of women and minors

was enabled and conspired with by "the employees, resources and influence of the multi-faceted business empire that he led and controlled – creating a criminal enterprise whose members and associates engaged in, and attempted to engage in, among other crimes, sex-trafficking, forced labor, kidnapping, arson, bribery and obstruction of justice."

21.    Combs' long history of violence unequivocally establishes that his actions are motivated by gender – both men and women. Combs has a profound contempt for women and a desire to dominate both minors and other men. His conduct shows a longstanding practice of denigrating, defeating and attempting to humiliate men, women and children. His practices and desires are different for men, women and children. But his actions are unequivocally motivated by the victims' particular gender and age.

22.    Plaintiff's allegations herein substantially mirror Combs' prior conduct as established through criminal indictments and other lawsuits. Through this case, Plaintiff seeks a full measure of justice from a man who thought his power, money and influence rendered him untouchable. Plaintiff joins many other victims by filing this Complaint in hopes their common voice makes it impossible for Combs to assault another person ever again.

## II.

## **PARTIES**

23.    Plaintiff John Doe is a male who resides in Los Angeles, California.  Due to his status as HIV-positive, Doe has elected to file this action under a pseudonym in order to protect his privacy.

24.    Defendant Individual Doe 1 is a male whose true identity is currently unknown to Plaintiff.  Individual Doe 1 committed the sexual assault described herein and transmitted HIV to Plaintiff.  On information and belief, Defendant Individual Doe 1 works for Defendant Sean Combs and/or one of the Combs Businesses identified as defendants herein.  At such time as Plaintiff is able to identify Individual Doe 1, Plaintiff will amend this complaint to set forth his true identity.

25.    Defendant Sean Combs is a male who maintains a residence in Los Angeles,

California.  Combs is currently incarcerated in the Metropolitan Detention Center in Brooklyn, New York. On information and belief, at all relevant times Combs owned and/or controlled Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Records, Bad Boy Entertainment LLC, Bad Boy Productions LLC, (collectively "Bad Boy"), Daddy's House Recording Studio, Inc., and CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises LLC (all together, the "Combs Corporations"). The facts of Combs' ownership and titles at the Combs Corporations enabled and conspired with him to commit the unlawful sexual violence against Plaintiff described herein and/or to harass and subsequently intimidate him into silence after the sexual assault.

26.     Defendant Daddy's House Recordings, Inc. ("Daddy's House") is a domestic business corporation that is incorporated in New York and on information and belief can be served through its Registered Agent, Corporation Service Company, located at 80 State Street, Albany, NY  12207. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, NY 10019. At the time of the events alleged herein, Daddy's House was a world-class recording studio owned by Combs located at 321 W 44th Street, Suite 201, New York, NY 10036. On information and belief, at all relevant times, Bad Boy and Combs together owned and operated Daddy's House. On information and belief, the Bad Boy recording studio was located on the premises of Daddy's House. Combs used the Daddy's House brand, stature and their ownership and titles at Daddy's House to commit the unlawful sexual violence against Plaintiff described herein.

27.     Defendant CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises LLC ("Combs Global") is a limited liability company incorporated in Delaware and on information and belief can be served through its Registered Agent, EResidentAgent, Inc., 1013 Centre Road, Suite 403-S, Wilmington, DE  19805. On information and belief, all members of Combs Global are citizens of Delaware, New York, and/or California. On information and belief, Combs Global is an alter ego for Combs and/or a successor in interest to Combs' other corporations and/or was established or used by Combs for the purpose of moving, disposing of, and/or insulating his assets,

including in connection with his criminal activities and to avoid liability. Combs Global currently owns, controls, and/or oversees Bad Boy and Combs' other business ventures in the music, fashion, fragrance, beverage, marketing, film, television, and media industries.

28.    As part of his renowned Bad Boy record label and brand, Combs has established several corporate entities under the "Bad Boy" name over the past few decades, including but not limited to Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Records, Bad Boy Entertainment LLC, and Bad Boy Productions LLC (together, "Bad Boy"). On information and belief, all Bad Boy corporate entities are alter egos for Combs, are controlled and/or directed by Combs, and/or were established or used by Combs for the purpose of moving, disposing of, and/or insulating his assets, including in connection with his criminal activities and to avoid liability. On information and belief, all active Bad Boy entities are now owned and/or controlled by Combs and/or by Combs Global. Combs used the Bad Boy premises/recording studio and their ownership and titles at Bad Boy to commit the unlawful sexual violence against Plaintiff described herein and/or to harass and subsequently intimidate him into silence after the sexual assault.

   a.  Defendant Bad Boy Entertainment Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief can be served through its Registered Agent, Corporation Service Company, 80 State Street, Albany, NY 12207. Bad Boy Entertainment Holdings, Inc. is part of the Bad Boy enterprise founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, NY 10019.

   b.  Defendant Bad Boy Productions Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief can be served through its Registered Agent, Corporation Service Company, 80 State Street, Albany, NY 12207. Bad Boy Productions Holdings, Inc. is part of the Bad Boy enterprise

founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, NY 10019.

c. Defendant Bad Boy Books Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief can be served through its Registered Agent, Corporation Service Company, 80 State Street, Albany, NY 12207. Bad Boy Books Holdings, Inc. is part of the Bad Boy enterprise founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. The CEO listed on public filings is Eddie Norward Jr., with a listed address of 1710 Broadway, New York, NY 10019, the same address listed for Sean Combs in public filings for Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., and Daddy's House Recordings, Inc.

d. Defendant Bad Boy Records is an entity of unknown type, which on information and belief is owned or held under the umbrella of Defendant Bad Boy Entertainment LLC. On information and belief, Bad Boy Records may be served through Bad Boy Entertainment LLC through its Registered Agent, Corporation Service Company, 80 State Street, Albany, NY 12207. On information and belief, Bad Boy Records is a citizen of New York and/or California. Bad Boy Records is part of the Bad Boy enterprise and/or a successor-in-interest to other Bad Boy Defendants that comprise the Bad Boy enterprise founded and owned by Combs. On information and belief, Bad Boy Records is now owned and/or controlled by Bad Boy Entertainment LLC, Bad Boy Entertainment Holdings, Inc. and/or by Combs, and/or by Combs Global.

e. Defendant Bad Boy Entertainment LLC is a New York limited liability company that on information and belief can be served through its Registered Agent, Corporation Service Company, 80 State Street, Albany, NY 12207. On information

and belief, all members of Bad Boy Entertainment LLC are citizens of New York and/or California. Bad Boy Entertainment LLC is part of the Bad Boy enterprise and/or a successor-in-interest to other Bad Boy Defendants that comprise the Bad Boy enterprise founded and owned by Combs. On information and belief, Bad Boy Entertainment LLC is now owned and/or controlled by Bad Boy Entertainment Holdings, Inc. and/or by Combs, and/or by Combs Global.

    f.    Defendant Bad Boy Productions LLC is a New York limited liability company that on information and belief can be served through its Registered Agent, Corporation Service Company, 80 State Street, Albany, NY 12207. On information and belief, all members of Bad Boy Productions LLC are citizens of New York and/or California. Bad Boy Productions LLC is part of the Bad Boy enterprise and/or a successor-in-interest to other Bad Boy Defendants that comprise the Bad Boy enterprise founded and owned by Combs. On information and belief, Bad Boy Productions LLC is now owned and/or controlled by Combs and/or by Combs Global.

29.    Defendants Organizational Does 1-10 are currently unknown entities who were owned by and/or employed Defendant Combs and enabled and conspired with the commission of the conduct complained of herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these entities by name.

30.    Defendants Individual Does 2-10 are currently unknown celebrities and/or persons of interest who enabled and/or conspired with the commission of the conduct complained of herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individuals by name.

31.    Each of the Combs Corporations (a) aided and abetted Combs in committing the unlawful sexual violence against Plaintiff described herein, (b) are alter egos for Combs, completely dominated by him and used for his personal interests and to engage in wrongdoing which harmed Plaintiff and others, and/or (c) serve or have served as vehicles for Combs to move,

dispose of, and/or insulate his assets, including in connection with his criminal activities and to avoid compensating the victims of his many crimes, including Plaintiff.

### III.

### JURISDICTION AND VENUE

32.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10. Plaintiff seeks damages under the statutory and common law of the State of California.

33.     Venue is proper in this Court pursuant to California Code of Civil Procedure § 395 because (a) some of the acts described herein occurred within this county; and/or (b) one or more of the Defendants at all relevant times resided within this county or conducted business within this county.

34.     The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court. Accordingly, this Court has jurisdiction over the case at bar.

### IV.

### FACTUAL ALLEGATIONS

34.     Plaintiff John Doe, a Los Angeles native, is now a successful professional working in the banking industry.  While Plaintiff was in college, though, he dreamed of a career in the entertainment industry. In pursuit of this dream, he often would intern, usually without pay, for a variety of public relations firms as well as companies in the music industry, assisting with the production of music videos.

35.     In late 2014, Plaintiff was contacted by an individual he had previously interned with. This person informed Plaintiff of an opportunity for an unpaid intern to assist with the production of a music video for an artist that was signed to Defendant Combs' Bad Boy Records music label. Plaintiff jumped at the opportunity to work with a mogul like Combs.

36.     Plaintiff drove himself to the shoot, which was located at a house in the Val Verde area near Los Angeles. Defendant Combs was at the shoot, which Plaintiff found exciting.  The

music video shoot itself otherwise was relatively uneventful, and Plaintiff assisted various individuals with miscellaneous tasks as was necessary. Once the shoot wound down, word of an after-party started circulating. Plaintiff remained for the after-party.

37. Defendant Combs remained at and hosted the after-party, and spoke several times with Plaintiff. At the after-party, alcohol, cocaine, marijuana, and other narcotics were abundantly supplied. There was an open bar staffed by bartenders and waiters attending to guests. Plaintiff did not consume any of the drugs offered, sticking to alcoholic beverages that were provided by the staff.

38. After consuming between two and three drinks, Plaintiff began to feel "off." He was experienced with alcohol and knew that his state of mind was not normal for someone who had consumed only two to three alcoholic beverages. However, Plaintiff dismissed his feelings of unease, chalking it up to having not eaten much that day.

39. But Plaintiff became increasingly intoxicated, nearing the point of a blackout. At some point, he became aware of a room at the party where individuals were engaged in sex acts. In a haze, he was led to that room, unable to resist due to the effects of the drinks, which on information and belief had been spiked with drugs.

40. Plaintiff was led to a bed or couch of some sort. His next memory was of being penetrated anally by an unknown individual, alleged here to be Individual Doe 1.

41. As the sexually assault of Plaintiff continued, Plaintiff felt, and in fact was, powerless to stop it due to the effects of the substance(s) in his drinks, which overtaken him and impaired his ability to move or think. Ultimately, Plaintiff blacked out due to a combination of the substance(s) and the trauma of the events.

42. Plaintiff regained his senses, to the best of his recollection, around 4:00 or 5:00 a.m. He attempted to gather himself, going to the restroom to regain his composure. While in the

14

restroom, he noticed significant blood coming from his rectum. He quickly left the house – where the party was still going on – and got into his car to drive home.

43.    That next day, Plaintiff went to a clinic to get tested for sexually transmitted diseases due to the sexual assault. This test showed that he had no sexually transmitted infections or diseases. However, a few months later, Plaintiff went to get tested again. That test indicated that he was positive for human immunodeficiency virus (HIV), a result that does not show up immediately upon infection. Plaintiff has been treated for HIV ever since, and still battles the virus today.

44.    As a direct result of the traumatic events at Combs' afterparty, Plaintiff contracted HIV, a disease that he will live with for the remainder of his life.  In addition, Plaintiff has suffered severe emotional and psychological trauma and other damages as described herein.

## V.

## <u>FIRST CLAIM FOR RELIEF</u>

## (SEXUAL ASSAULT & SEXUAL BATTERY – CIVIL CODE § 1708.5)

45.    Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

46.    In taking the actions alleged herein, Defendant Individual Doe 1 intended to cause a harmful or offensive sexual contact with Plaintiff.

47.    A harmful or offensive sexual contact with Plaintiff did in fact result due to the actions of Defendant Individual Doe 1.

48.    Plaintiff did not consent to the sexual contact.

49.    In committing the acts herein alleged, Defendant Individual Doe 1 committed sexual battery against Plaintiff in violation of Civil Code section 1708.5, which acts furthermore were ratified and/or perpetrated by Defendant Sean Combs and the Combs Businesses as alleged herein.

THE BUZBEE
LAW FIRM

50.     In committing the acts herein alleged, Defendant Individual Doe 1 violated Plaintiff's right, pursuant to Civil Code section 43, of protection from bodily restraint or harm, and from personal insult.

51.     In committing the acts herein alleged, Defendant Individual Doe 1 violated his duty, pursuant to Civil Code section 1708, to abstain from injuring Plaintiff's person or infringing upon her rights.

52.     In committing the acts herein alleged, Defendant Individual Doe 1 acted in violation of California Health & Safety Code § 120290(f), which prohibits an HIV-infected person from engaging in unprotected sexual activity with the intent to infect another person without disclosing that person's HIV-positive status.

53.     Defendant Sean Combs and the Combs Businesses enabled and conspired with Individual Doe 1 to commit the offending sexual battery. Defendant Combs, at minimum, hosted the party, which directly related to or referenced Combs Businesses. On information and belief, Combs Businesses routinely facilitated sexual assault and sexual battery, as detailed in other civil lawsuits, to further the business purpose of Combs' enterprise. Among other things, Defendant Combs and or the Combs Businesses procured the drug or drugs ingested by Plaintiff and facilitated or encouraged that ingestion through covert means. Given Combs' long-standing pattern and practice of committing sexual violence, the Combs Businesses had and/or should have had knowledge of Combs using such parties and venues for this unlawful conduct, and did nothing to stop it.

54.     The Combs Business enabled and conspired with Individual Doe 1 and Combs to commit the offending sexual battery by failing to, among other things, protect Plaintiff from a known danger and/or have sufficient policies and procedures in place to prevent sexual battery and/or train their employees on identifying and preventing sexual battery. Given Combs' long-standing pattern and practice of committing sexual violence, including on premises owned and/or operated by Defendants, the Combs Corporations had and/or should have had knowledge that Individual Doe 1 and/or Combs was a danger to Plaintiff, and did nothing to stop them.

55.    The Combs Businesses enabled and conspired with Individual Doe 1 and Combs to commit the offending sexual battery by failing to properly supervise. The Combs Business had knowledge and/or should have had knowledge of Combs' widespread and well-known practice of committing sexual battery and gender-motivated violence, including on premises owned and/or operated by Defendants, and did nothing to stop it.

56.    The Combs Businesses further enabled and conspired with Combs to commit the offending sexual battery by actively placing, maintaining, and/or employing Individual Doe 1 and/or Combs in positions of power and authority, despite the fact that they knew and/or should have known that Combs had a widespread and well-known practice of committing sexual assault and sexual battery, including on premises owned and/or operated by Defendants. Combs used his titles and authority conferred by the Combs Business, including as CEO, Founder, and Chairman to facilitate and/or perpetuate the violent assault on Plaintiff, and to intimidate and force Plaintiff to keep quiet in subsequent years.

57.    On information and belief, Plaintiff alleges that Defendant Organizational Does 1 through 10, inclusive, are other parties not yet identified who have enabled and conspired with Combs to commit the offending sexual battery, in the ways articulated above and/or in other ways, and/or ratified the sexual battery thereafter.

58.    On information and belief, Plaintiff alleges that Defendant Individual Does 2 through 10, inclusive, are other parties not yet identified who have enabled and conspired with Combs to commit the offending sexual battery, in the ways articulated above and/or in other ways.

59.    As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered infection with HIV, a lifelong and serious illness, as well as severe emotional distress, emotional anguish, fear, anxiety, humiliation, embarrassment, physical injury, emotional injury and trauma, and both economic and noneconomic damages. The injuries suffered by Plaintiff are substantial, continuing, and permanent.

60.    Plaintiff is informed, and based thereon alleges, that the conduct of Individual Doe 1 and Defendant Sean Combs was oppressive, malicious, and despicable in that it was intentional

and done in conscious disregard for the rights and safety of others, and was carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud, or malice pursuant to Civil Code section 3294, entitling Plaintiff to punitive damages against Individual Doe 1 and Defendant Sean Combs.

**VI.**

## **SECOND CLAIM FOR RELIEF**

### **(GENDER VIOLENCE – CIVIL CODE § 52.4)**

61.     Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

62.     Defendants' acts committed against Plaintiff, as alleged herein, constitute gender violence and a form of sex discrimination in that one or more of Defendants' acts would constitute a criminal offense under state law that has, as an element, the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

63.     Defendants' acts committed against Plaintiff, as alleged herein, constitute gender violence and a form of sex discrimination in that the Defendants' conduct caused a physical intrusion or physical invasion of a sexual nature upon Plaintiff under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

64.     The Combs Business Defendants enabled and ratified Defendant Individual Doe 1's and/or Defendant Combs' acts of gender violence by, among other things, failing to supervise Combs, failing to protect Plaintiff from a known danger, having insufficient policies and procedures in place to prevent sexual battery, failing to train employees to identify and prevent sexual battery, and by actively placing, maintaining, and/or employing Individual Doe 1 and/or Combs in positions of power and authority.  Given Combs' long-standing and continuing pattern and practice of committing sexual violence, including on premises owned and/or operated by Defendants, the Combs Businesses had or should have had knowledge that Individual Doe 1 and/or

18

1    Combs was a danger to Plaintiff, yet did nothing to stop it.

2        65.    As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered

3    severe emotional distress, emotional anguish, fear, anxiety, humiliation, embarrassment, physical

4    injury, emotional injury and trauma, and both economic and noneconomic damages. The injuries

5    suffered by Plaintiff are substantial, continuing, and permanent.

6        66.    The gender violence was a substantial factor in causing Plaintiff's harm.

7        67.    As a proximate result of Defendants' actions, Plaintiff is entitled to actual damages,

8    compensatory damages, punitive damages, injunctive relief, any combination of those, or any other

9    appropriate relief.

10       68.    Plaintiff is entitled to attorney's fees and costs pursuant to Civil Code section 52.4.

11                                           **VII.**

12                              **THIRD CLAIM FOR RELIEF**

13                        **(NEGLIGENT SUPERVISION / RETENTION)**

14       69.    Plaintiff hereby incorporates by reference the paragraphs above as if fully set forth

15    herein.

16       70.    In committing the acts alleged herein, Defendant Combs committed sexual assault

17    and sexual battery under Civil Code section 1708.5.

18       71.    The Combs Business enabled and conspired with Combs to commit the offending

19    sexual battery. On information and belief, the Combs Defendants routinely committed sexual

20    assault and sexual battery, as detailed in other civil lawsuits, to further the business purpose of

21    Combs' enterprise. Given Combs' long-standing pattern and practice of committing sexual

22    violence, the Combs Business had and/or should have had knowledge of Combs using parties and

23    venues for this unlawful conduct, and did nothing to stop it.

24       72.    The Combs Businesses enabled and conspired with the Combs Defendants to

25    commit the offending sexual battery by failing to, among other things, protect Plaintiff from a

26    known danger and/or have sufficient policies and procedures in place to prevent sexual battery

27    and/or train their employees on identifying and preventing sexual battery. Given Combs' long-

28

                                              19

THE BUZBEE
LAW FIRM

1  standing pattern and practice of committing sexual violence, including on premises owned and/or

2  operated by Defendants, the Combs Corporations had and/or should have had knowledge that

3  Combs was a danger to Plaintiff, and did nothing to stop Combs.

4       73.    The Combs Business enabled and conspired with the Combs Defendants to commit

5  the offending sexual battery by failing to properly supervise. The Combs Business had knowledge

6  and/or should have had knowledge of Combs' widespread and well-known practice of committing

7  sexual battery and gender-motivated violence, including on premises owned and/or operated by

8  Defendants, and did nothing to stop it.

9       74.    The Combs Business further enabled and conspired with the Combs Defendants to

10  commit the offending sexual battery by actively placing, maintaining, and/or employing Combs in

11  positions of power and authority, despite the fact that they knew and/or should have known that

12  Combs had a widespread and well-known practice of committing sexual assault and sexual battery,

13  including on premises owned and/or operated by Defendants. Combs used his titles and authority

14  conferred by the Combs Business, including as CEO, Founder, and Chairman to facilitate and

15  perpetuate the violent assault on Plaintiff, and to intimidate and force Plaintiff to keep quiet in

16  subsequent years.

17       75.    Plaintiff suffered harm as a result of Defendant Combs' conduct, which was enabled

18  and ratified by the Combs Business Defendants.  As a direct and proximate result of the conduct

19  of Defendants, Plaintiff has suffered severe emotional distress, emotional anguish, fear, anxiety,

20  humiliation, embarrassment, physical injury, emotional injury and trauma, and both economic and

21  noneconomic damages. The injuries suffered by Plaintiff are substantial, continuing, and

22  permanent.

23       76.    As a result, Plaintiff is entitled to actual damages, compensatory damages, punitive

24  damages, injunctive relief, any combination of those, or any other appropriate relief.

25       77.    Defendants' conduct was malicious and grossly negligent. Thus, in addition to

26  actual damages, Plaintiff seeks punitive damages.

27

28

THE BUZBEE
LAW FIRM

## VIII.

## DEMAND FOR JURY TRIAL

78.    Plaintiff herein demands a jury trial and tenders all appropriate fees with this Complaint.

## IX.

## PRAYER FOR RELIEF

79.    WHEREFORE, Plaintiff John Doe prays for the following relief against Defendants:

a.    For past, present, and future general damages in an amount to be determined at trial;

b.    For past, present, and future special damages, including but not limited to, past, present and future lost earnings, economic damages, and others in an amount to be determined at trial;

c.    Any appropriate statutory damages;

d.    For costs of suit;

e.    For interest as allowed by law;

f.    For any appropriate punitive or exemplary damages;

g.    For attorney's fees pursuant to Civil Code sections 51.9(b), 52, 52.4, or otherwise as allowable by law; and

h.    For such other and further relief as the Court may deem just and proper in these circumstances.

THE BUZBEE LAW FIRM

1    Dated: October 2, 2025                    THE BUZBEE LAW FIRM

2

3

                                    By: _____
4                                          David C. Fortney
                                           of THE BUZBEE LAW FIRM
5

6                                          Attorneys for Plaintiff
                                           JOHN DOE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28